**IT IS ORDERED as set forth below:**



Date: January 30, 2017

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 14-22766-JRS |
| PETER DOMINIC ANZO, | : | |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | |
| DALLAS A. HURSTON, | : | |
| | : | Contested Matter |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| PETER DOMINIC ANZO, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

This matter is before the Court on Creditor Dallas A. Hurston's Motion to Reopen

Chapter 7 Bankruptcy Proceeding and to Extend Deadline to File a Complaint Seeking to

1

Revoke Discharge Under 11 U.S.C. § 727(d) and (e) (the "Motion"). (Doc. 93). Because the Court finds that Mr. Hurston's request is time-barred by 11 U.S.C. § 727(e)(1) and is not subject to equitable tolling, the Court denies the Motion.

**Factual Background**

Debtor Peter Dominic Anzo filed for Chapter 7 relief on November 25, 2014 and the Court entered an order discharging him on September 29, 2015. The deadline to file a complaint to revoke his discharge pursuant Section 727(d) was one year later, September 29, 2016. Two days prior, on September 27, 2016, Mr. Hurston filed a motion seeking to extend the deadline to file such a complaint. (Doc. 92). In his motion, Mr. Hurston alleged the possibility of fraud based on recent investigations in a related bankruptcy case. *See In re LaPrade's Marina, LLC*, Case No. 15-20697-JRS. Mr. Anzo is a member of the debtor in *LaPrade's Marina, LLC*. On September 29, 2016, Mr. Hurston filed the Motion requesting the Court reopen Mr. Anzo's chapter 7 bankruptcy and allow an extension to time to file a complaint under Section 727(d), which Motion repeated the request filed two days earlier.

Mr. Anzo filed his first response to the Motion on October 3, 2016. (Doc. 95). The Court ordered that Mr. Hurston would have until October 18, 2016 to file a reply (Doc. 96) and Mr. Hurston did file a reply timely. The Court scheduled a hearing on the Motion on November 29, 2016. The day before the hearing, Mr. Anzo filed a supplemental response to the Motion. (Doc. 101). At the hearing, counsel for another creditor appeared in support of Mr. Hurston's Motion. At the conclusion of the hearing, the Court requested additional briefing on certain issues by December 30, 2016. On December 29, 2016, Mr. Anzo filed his post-hearing brief (Doc. 102) and Mr. Hurston filed his the next day.

2

Mr. Hurston argues under various theories that the Motion be granted, that the case should be reopened, and that he should be given the opportunity to investigate whether there is fraudulent activity and if so, he would file a complaint pursuant to Section 727(d)(1) at that time. Mr. Anzo, on the other hand, argues the Motion should be denied because of the time limitations provided in Section 727(e)(1) regarding a Section 727(d)(1) revocation complaint have expired and no complaint has been filed.

## Discussion

Generally, a debtor is relieved of all his pre-petition debt upon receiving his discharge; however, in specific circumstances a creditor may seek to revoke the discharge. One instance where a creditor can request to have the discharge revoked is when "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1). The deadline for pursuing a revocation of discharge under such a circumstance is "within one year after such discharge is granted." 11 U.S.C. § 727(e)(1). Mr. Hurston argues, among other things, that he has satisfied the requirements of Section 727(e)(1), and as such, the case should be reopened and he should be allowed to investigate and be given sixty days to determine whether a revocation complaint should be filed.

I.    **Section 727(e) cannot be equitably tolled**

Mr. Hurston argues that his Motion is timely because the deadline in Section 727(e)(1) had not expired because that section is similar to Section 546(a) of the Bankruptcy Code, and therefore, subject to equitable tolling. *See generally In re Pugh*, 158 F.3d 530 (11th Cir. 1998) (holding Section 546(a) is a true statute of limitations). This argument fails for multiple reasons.

3

First, these two sections are different. Section 546(a) states that an action or proceeding under section 544, 545, 547, 548, or 553

> may not be commenced after the earlier of … the later of (A) 2 years after the entry of the order of relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

Section 727(e) provides that a complaint to revoke a debtor's discharge must be filed

> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or (2) under subsection (d)(2) or (d)(3) of this section before the later of  - (A) one year from the granting of the discharge; and (B) the date the case is closed.

11 U.S.C. § 727(e).

Mr. Hurston claims that neither Section 546(a) nor Section 727(e) imply or mention equitable tolling. Section 546(a) contains no indication that "Congress considered or addressed in the statute … the sort of circumstances that would warrant equitable tolling, such as the debtor's fraud and the plaintiff's lack of awareness of the existence of the cause of action at the time the statute begins to run." *In re Phillips*, 233 B.R. 712, 716 (Bankr. W.D. Tex. 1999) (distinguishing Section 727(e)(1) and Section 546(a)).

This Court, however, finds that Section 727(e) is distinguishable from Section 546(a) in its clear incorporation of equitable tolling because Section 727(d)(1) specifically contemplates fraud on part of the debtor and a creditor who has no knowledge of the fraud. "Congress had the opportunity to provide for further relief for such parties but instead made a conscious choice to limit revocation to one year, presumably in favor of finality and the fresh start principle." *In re Underwood*, No. 13-5138, 2013 WL 4517905, at *3 (Bankr. N.D. Ga. Aug. 15, 2013). When

4

reading Section 727(d)(1) and Section 727(e)(1), it appears Congress already contemplated the circumstances equitable tolling is designed to remedy:

> Section 727(d)(1), by its express terms, is not applicable unless the party requesting the revocation of a debtor's discharge did not know of the operative fraud until after the granting of a discharge. Thus, the application of § 727(d)(1) always involves a party who has not discovered fraud until some period after the debtor receives his or her discharge. Yet § 727(e)(1) clearly imposes a one-year time limit beginning from the date of the debtor's discharge, notwithstanding the fact that the party requesting revocation has not discovered the relevant fraud until sometime after discharge.

*In re Fellheimer*, 443 B.R. 355, 371-72 (Bankr. E.D. Penn. 2010) (quoting *In re Bevis*, 242 B.R. 805, 809 (Bankr. D.N.H. 1999)). By providing a certain limitation period within the text of the statute, Congress must have intended a creditor's right to terminate at a certain date. *In re Andersen*, 476 B.R. 668, 674 (B.A.P. 1st Cir. 2012); *see also In re Myler*, 477 B.R. 227, 233 (Bankr. D. Utah 2012) ("Reading the doctrine of equitable tolling into § 727(e) extinguishes the time limits within the statute, and appears to upset the decision already made by Congress."); *In re Phillips*, 233 B.R. 712, 716 (Bankr. N.D. Cal. 1999) ("[S]ince the Bankruptcy Code clearly contemplates the issue that equitable tolling addresses and still imposes a one-year deadline on bringing an action … to revoke discharge, Congress must have intended that equitable tolling not apply…."). With Congress' expression of finality, and when the clear statutory language is plain, the function of the courts is to enforce the text according to the terms. *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004). As such, principles of equity should not apply to alter the express language of Section 727(e). *United States v. Beggerly*, 524 U.S. 38, 48-49 (1998) ("Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute.").

With language that expresses Congress' intention of finality, Section 727(e) is treated as a statute of repose rather than a statute of limitations. *In re Elliot*, 529 B.R. 747, 753-54 (B.A.P. 9th Cir. 2015) ("Section 727(e) is a non-waivable statute of repose, and its time limits are not subject to tolling…."). A statute of repose and statute of limitations serve different purposes: a statute of limitations ensures a party brings an action in a timely manner before evidence or witnesses are lost, while a statute of repose provides a fresh start or freedom from liability "provid[ing] absolute protection to certain parties from the burden of indefinite potential liability." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009); *see also CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) ("[T]he Double Jeopardy Clause has been described as a 'statute of repose' because … at some point a defendant should be able to put past events behind him."). Section 727(e) implicates subsection (d) which allows for revocation only after a final order for a discharge. As such, the time limits in Section 727(e) serve to ensure that after a definite period of time, the final order cannot be revoked, bringing the challenges to a debtor's discharge to an *end*. On the other hand, Section 546(a) involves the commencement of avoidance actions rather than the revocation of a final order and provides a time limit within which an avoidance action can *begin*. Therefore, as a statute of repose that Congress has specifically contemplated, Section 727(e) cannot be equitably tolled. *In re Andersen*, 476 B.R. at 673; *In re Defusco*, 500 B.R. 664, 667-68 (Bankr. D. Mass. 2013).

The majority of courts have not addressed the specific Section 546(a) argument put forth by Mr. Hurston. However, as Mr. Anzo argues, the majority of courts have found Section 727(e)(1) is not a statute of limitations but rather that it is jurisdictional in nature. *In re Andersen*, 476 B.R. 668, 673-74 (B.A.P. 1st Cir. 2012) (holding the deadline was "firm and not subject to equitable tolling" because Section 727(e)(1) is jurisdictional in nature); *In re Fellheimer*, 443

B.R. at 372 (finality of a chapter 7 discharge trumps equitable considerations implicated by the equitable tolling doctrine); *In re Fehrs*, 391 B.R. 53, 67 (Bankr. D. Idaho 2008) (seeking revocation of discharge is a matter of statute, not rule); *In re Culton*, 161 B.R. 76, 79 (Bankr. M.D. Fla. 1993) (noting the *Succa* court, while equitably tolling Section 727(e)(2), admitted that many courts will not toll Section 727(e)(1)). Because it is not a statute of limitations, the deadline is firm and not subject to equitable tolling. *In re Miller*, 336 B.R. 408 (Bankr. E.D. Wis. 2005) (finding court cannot waive subject matter jurisdiction and is required to follow clear language of statute). As such, bankruptcy courts "have no authority to create equitable exceptions to [such a] jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The Court also agrees with Mr. Anzo's argument that Federal Rule of Bankruptcy Procedure 9024 is unambiguous regarding Section 727(e) and revoking a discharge. Rule 9024, which makes Federal Rule of Civil Procedure 60 applicable, states that F.R.Civ.P. 60 applies in all cases under the Bankruptcy Code except "a complaint to revoke a discharge in a chapter 7 liquidation case." The rule further states that a complaint to revoke a discharge is timely if "filed only within the time allowed by § 727(e) of the Code." As such, the deadlines already provided in the Bankruptcy Code for revocation actions cannot be extended and are strictly governed by Section 727(e). *In re Culton*, 161 B.R. 76 (Bankr. M.D. Fla. 1993) ("[Under Rule 9024] [t]he Court may only grant the relief sought by the plaintiff if the revocation action is timely filed according to 727(e)."); *see also In re Poff*, 344 F. App'x 523 (11th Cir. 2009) (unpublished) (requiring a request for revocation of discharge be filed within one year of the discharge being granted); *In re Loos*, No. 03-2402, 2008 WL 8448070 (B.A.P. 9th Cir. Apr. 25, 2008) ("Pursuant to section 727(e) and Rule 9024, any action … had to be filed [within a year]."). Rule 9024

supports Mr. Anzo's argument that Section 727(e) time limits cannot be extended and emphasizes the concrete nature of the time bar. *In re Fehrs*, 391 B.R. at 67.

Accordingly, the Court finds that the time limitation in Section 727(e)(1) cannot be extended. Under Section 727(e)(1), Mr. Hurston had one year from the date Mr. Anzo received his discharge to bring a complaint under Section 727(d)(1) to revoke his discharge. That date has passed and Mr. Hurston has yet to file a complaint. A Section 727(d)(1) complaint is now precluded at this time because of the clear language of Section 727(e)(1) and Rule 9024, the vast case law concluding Section 727(e)'s status as a statute of repose, and the fact that Mr. Hurston has yet to file a revocation complaint.

## II.   The conduct at issue must be in the Debtor's case and Section 727(a)(7) is not applicable

At the hearing held on November 29, 2016, counsel for another creditor argued that Mr. Anzo's discharge could be subject to revocation under Section 727(a)(7) based on alleged conduct in the *LaPrade's Marina, LLC* chapter 11 bankruptcy, an entity in which Mr. Anzo is an insider. Section 727(a)(7) "provides that a discharge may be *denied* to a debtor who commits certain acts in connection with the bankruptcy case of an insider." *In Matter of Thompson*, No. 15-1016-WHD, 2016 WL 7131476, at *11 (Bankr. N.D. Ga. Nov. 16, 2016) (emphasis in original). In contrast to Section 727(d)—where a discharge may be *revoked*—Section 727(a)(7) permits a court to *deny* a discharge. As such, a complaint under Section 727(a)(7) is required to be brought before the discharge is entered. *Id.*

Because Mr. Anzo's discharge has already been entered, the complaint cannot be brought under Section 727(a)(7). Furthermore, "[b]ad acts in another bankruptcy case do not necessarily mean that the debtor obtained his own discharge fraudulently." *Id.* at *11. The language in Section 727(d)(1) that the court "shall revoke a discharge granted under subsection (a) of this

8

section if *such* discharge was obtained" implies that only post-petition conduct in connection with the Debtor's bankruptcy case is relevant and this Court finds that this applies to Section 727(d)(2), as well. *See generally All Points Capital Corp. v. Stancil (In re Stancil)*, No. 11-00351-8-JRL, 2012 WL 4116505 (Bankr. E.D.N.C. Sept. 18, 2012) (finding Section 727(d)(2) only allowed revocation for post-petition conduct in debtor's bankruptcy case). Accordingly, only post-petition conduct involving Mr. Anzo's personal bankruptcy case is relevant for a revocation of his discharge under Sections 727(d)(1) and (d)(2). Therefore, the argument that Mr. Anzo's alleged post-petition conduct related to LaPrade's is grounds to revoke his personal discharge fails because (a) Section 727(a)(7) does not apply because he has already received a discharge and (b) Section 727(d)(1) and (d)(2) only provide for revocation based on post-petition conduct in Mr. Anzo's chapter 7 case.

### III.    A Motion to extend time does not satisfy Section 727(e) requirements

At the November 29, 2016 hearing, Mr. Hurston argued that he filed the Motion just before the one year time requirement of Section 727(e)(1) expired and, therefore, this satisfied the requirements of commencing an action. In contrast, Mr. Anzo responds by arguing that a complaint commencing an adversary proceeding needed to be filed within the Section 727(e)(1) time limit. A motion to reopen a case will not satisfy the Section 727(e) requirements in this instance. *In re Scott*, No. 12-30052-als, 2014 WL 1048550 (Bankr. S.D. Iowa Mar. 18, 2014) ("Statutory interpretation indicates that section 727(e)(1) was intended to require the filing of an adversary complaint, rather than a mere motion."); *In re Bison Park Dev. LLC,* No. 07-22754, 2011 WL 4498848 (Bankr. D. Kan. Sept. 26, 2011) (reopening case is permitted for purpose of a timely complaint for revocation, but not for a complaint which on its face is insufficient); *In re Steven P. Nelson, D.C., P.A.*, No. 92-1122-8C7, 1994 WL 518924 (Bankr. M.D. Fla. June 30,

9

1994) (finding a motion to seek revocation was procedurally improper because Rule 7001(4) requires a complaint, not a motion); *see* Rule 7001(4) ("The following are adversary proceedings: … a proceeding to object to or revoke a discharge, other than an objection under §§ 727(a)(8), (a)(9), or 1328(f).").

Further, Mr. Hurston argues that a subsequent complaint for revocation would relate back to the Motion and, therefore, would be timely under *In re Fresquez*, 167 B.R. 973 (Bankr. D.N.M. 1994). However, as Mr. Anzo correctly highlights, the Motion does not specify with particularity the fraudulent activity required under Section 727(d)(1) and only requests to reopen the case and grant an extension to file a complaint *in the event* that any fraudulent conduct is found. If the Motion is not specific in allegation and fact, there is no way to indicate the actual possibility of seeking revocation. *In re Scott*, 2014 WL 1048550; *see also In Matter of Thompson*, 2016 7131476, at *10 (finding concealment of assets and failing to list assets in schedules, while tangential, were not the same claim). Furthermore, if the Motion did adequately set forth facts to revoke the discharge, then there would be no grounds to extend the time to file a complaint to do so because it could have been timely filed.

For a pleading to relate back to the date of an original pleading, Rule 7015 must be satisfied. Rule 7015, incorporating F.R.Civ.P. 15, establishes that an amendment can relate back to the original pleading when (1) the law provides the applicable statute of limitations allows relation back and (2) the amendment asserts a claim or defense that arose from the "conduct, transaction, or occurrence set out—or attempted to be set out" in the original pleading. The Eleventh Circuit has held in order for a claim to relate back, the timely filed claim must arise from the same set of facts and not from separate conduct or occurrence in "both time and type." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). Further, blanket statements are

10

insufficient to anchor a new claim with the originals asserted. *In Matter of Thompson*, 2016 WL 7131476, at *11. Here, the Motion contains no specific conduct, transaction, or occurrence as required to satisfy the relation back requirements. Rather, the Motion contains statements like "potentially fraudulent activity and concealment of personal assets." Consequently, this blanket statement, with no specific allegations or facts, is not sufficient to satisfy Rule 7015 and F.R.Civ.P. 15.  And, as previously mentioned, if the Motion did adequately set forth facts to revoke the discharge, then there would be no grounds to extend the time to file a complaint to do so because it could have been timely filed.

     Mr. Hurston's reliance on *Fresquez* is unfounded because that case and the one before the Court are vastly different. In *Fresquez,* the debtors received a discharge in December of 1992, but the debtors moved to reopen the case based on an avoidance issue. 167 B.R. at 974. The case was reopened in April of 1993 and on November 26, 1993, the plaintiff filed a motion for revocation of discharge. *Id.* The plaintiff argued that a complaint for revocation that is subsequently filed should relate back to the motion for revocation of discharge. *Id.* at 976. However, the bankruptcy court, noting that its holding "is a narrow one," allowed the complaint to relate back because the debtors were put on adequate notice, the motion was within the time frame for filing a revocation action under Section 727(e), and the complaint and motion both specifically alleged concealment of assets. *Id.* at 977.  Here, we do not have a request to revoke a discharge that was improperly brought by motion instead of a complaint, but rather merely a motion to extend to the time to file a complaint to revoke a discharge which did not contain specific allegations of fraud, but a request for more time to investigate to determine if a complaint should be filed.   As such, the narrow holding of *Fresquez* is not applicable in this instance.

Finally, Mr. Hurston argues that the Motion provides notice of the possibility of a revocation complaint. Nevertheless, the Court finds this unpersuasive because the Motion lacks specific allegations that put Mr. Anzo on notice of the claims. *In Matter of Thompson*, 2016 7131476, at *10 (finding two related, but unmatched claims, were insufficient to put debtor on notice and constituted a new claim). Accordingly, even if a complaint under Section 727(d)(1) was filed now, it cannot relate back to the Motion, and it would not be timely because Mr. Hurston had only one year from September 29, 2015 to file a complaint to revoke Mr. Anzo's discharge. Thus, the Section 727(e) deadline to file a complaint to revoke Mr. Anzo's discharge expired on September 29, 2016 with no opportunity to be extended.

## CONCLUSION

Accordingly, for the reasons stated herein, it is hereby

**ORDERED** that Mr. Hurston's Motion to Reopen Chapter 7 Bankruptcy Proceeding and to Extend Deadline to File a Complaint Seeking to Revoke Discharge Under 11 U.S.C. § 727 is **DENIED**.

## END OF DOCUMENT